**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | |
|---|---|
| **IN RE:** | |
| **MATTHEW AND MEAGAN HOWLAND** | **CASE NO. 12-51251** |
| **DEBTORS** | |
| **PHAEDRA SPRADLIN, TRUSTEE** | **TRUSTEES** |
| **V.** | **ADV. NO. 14-5019** |
| **BEADS AND STEEDS INNS, LLC** | **DEFENDANT** |

**MEMORANDUM OPINION**

This matter is back before the Court on the Defendant's Motion for Judgment on the Pleadings [Doc. 9], Response to Defendant's Motion for Judgment on the Pleadings [Doc. 11] and the Defendant's Reply to Plaintiff's Response to Motion for Judgment on the Pleadings [Doc. 13]. This opinion also decides the Trustee's Motion for Leave to File Amended Complaint [Doc. 22] and the Defendant's Objection to Plaintiff's Motion for Leave to File Amended Complaint [Doc. 23].

On August 22, 2014, the Court issued a Memorandum Opinion [Doc. 20] ("Memorandum Opinion") holding the Trustee may not proceed against the Defendant on a theory of reverse veil piercing. A final judgment was not issued so the Trustee could document her oral motion to amend the complaint and the Defendant would have an opportunity to object.

The Trustee seeks leave to: (1) add two new parties, the Debtors and the non-debtor, Meadow Lake Horse Park, LLC (collectively the "Prospective Defendants"); (2) replace the theory of reverse veil piercing with a theory of substantive consolidation, *nunc pro tunc* five

1

years prior to the Debtors' petition date; and (3) add two new counts against Meadow Lake pursuant to 11 U.S.C. §§ 544 and 502(d).  Leave is denied because the Defendant's objection that the amendments are futile prevails.

The Trustee cannot succeed on her claims against the Defendant without substantive consolidation, but the Trustee's Amended Complaint fails to state claim upon which relief may be granted.  Further, to substantively consolidate a debtor with a non-debtor based on the Trustee's paltry set of facts, with no authority to substantively consolidate *nunc pro tunc* prepetition, asks the Court to extend its equitable powers too far.

Therefore, the Trustee's Motion to Amend the Complaint is denied and the Defendant's Motion for Judgment on the Pleadings is granted.

## I.   FACTS.

The facts supporting the Trustee's causes of action against the Defendant are set forth in more detail in the Court's Memorandum Opinion and are incorporated herein by reference.  All defined terms in the Memorandum Opinion shall have the same meaning herein.

In addition to the facts in the Complaint, the Trustee proposes to allege additional facts in the Amended Complaint regarding the initial purchase of Meadow Lake, to wit:

- On June 20, 2007 the Debtors entered into a Sales Contract to purchase the Farm for $1.6 million.

- On July 19, 2007, the Debtors assigned their rights in the Sales Contract to Meadow Lake, allegedly with no consideration.

- On July 25, 2007, Meadow Lake borrowed $1.6 million to finance the purchase and the Debtors guaranteed the loan.

- The sale closed on July 26, 2007.

*See* Amended Complaint [Doc. 22-1] at ¶¶ 8-12 (collectively the "2007 Sale").

Further, the Trustee alleges the following additional facts in support of her theory of substantive consolidation:

- The Debtors consistently disregarded the corporate form of Meadow Lake.

- The Debtors have treated Meadow Lake's property as their own. For example, the Debtors used Meadow Lake's vehicles as their own.

- The Debtors have used their own assets as assets of Meadow Lake. The Debtors: (1) transferred their interest in the 2007 Sale to Meadow Lake for no consideration; (2) opened a "revolving credit" line in the name of Meadow Lake with Chase Card Services, but treat the debt as their own; and (3) used proceeds of their personal tax returns to pay approximately $760,000.00 of Meadow Lake's debt.

- There has been, and continues to be, a unity of interest and ownership between the Debtors and Meadow Lake such that the personalities of the Debtors and Meadow Lake were not, and are not, separate.

*Id.* at ¶¶ 13-17. For purposes of the Motions, the Court shall treat the facts alleged in the Trustee's Complaint and Amended Complaint as true.[1]

## II. DISCUSSION.

### A. Leave to Amend is Freely Given Unless the Proposed Amendment is Prejudicial or Futile.

The decision to grant or deny a motion for leave to amend is within the discretion of the Court. *Sinay v. Lamson & Session Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991). FED. R. BANKR. P. 7015 (incorporating FED. R. CIV. P. 15 by reference) provides the court should freely grant leave to amend if justice so requires. Justice does not require a court grant leave to amend a pleading if doing so is prejudicial or would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[1] The Trustee has also supplemented the Amended Complaint with additional evidence in support of her initial claims against the Defendant regarding appraisals related to the 2010 Transfer, the lease agreement between the Defendant and the Debtors, and the insolvency of the Debtors and Meadow Lake at the time of the 2010 Transfer. *Id.* at ¶¶ 20, 26-29, 30-33.

3

**B. The Trustee's Proposed Amended Complaint Is Not Prejudicial to the Defendant.**

The Defendant argues allowing amendment to the Complaint is prejudicial because the proposed amendments will: (1) force the Defendant to spend additional time and resources in its defense of the lawsuit; (2) result in significant delay; and (3) unfairly give the Plaintiff a second bite at the apple.  These arguments are not persuasive.

The cases cited by the Defendant all involve requests to amend after discovery was complete and dispositive motions filed.  Discovery in this case will involve the same parties and facts and there are not yet any deadlines for completion of discovery or filing dispositive motions.  Further, no additional delay will result in the Trustee's attempt to prove substantive consolidation as compared to the time the Trustee would have spent attempting to prove reverse veil piercing.

Any amendment will require extra time, but the Court must balance the liberal standard for amending pleadings against any prejudice that could result to the Defendant.  At this stage of the litigation, any prejudice that may result in allowing the Plaintiff an opportunity to amend is minimal.

**C. The Trustee's Proposed Amendment to Add a Theory of Substantive Consolidation is Futile.**

The Trustee may only prevail on her fraudulent transfer claims against the Defendant if she can substantively consolidate the Debtors and Meadow Lake *nunc pro tunc* "to the formation of Meadow Lake in June 2007."  Amended Complaint at ¶ 40 (prayer for relief).  The Trustee has the burden to justify an order substantively consolidating the Prospective Defendants.  *See, e.g., In re Silver Falls Petroleum Corporation*, 55 B.R. 495, 497 (Bankr. S.D. Ohio 1985).  The

Trustee's attempt to substantively consolidate a non-debtor with a debtor *nunc pro tunc* prepetition based on a bare bones set of facts stretches the limits of equity too far.

### 1. The Trustee Has Failed to State a Claim for Substantive Consolidation.

Substantive consolidation is described as a "judicially created doctrine that treats separate legal entities as if they were merged into a single entity, pooling the assets and liabilities of the two entities, so the assets of the two entities may result in a common fund available to satisfy the debts of both entities….to ensure the equitable treatment of all creditors." *In re American Camshaft Specialties, Inc.*, 410 B.R. 765, 778 (Bankr. E.D. Mich. 2009). The Sixth Circuit has recognized substantive consolidation as a function of the Court's equitable power under §105. *See Huntington National Bank v. Richardson (In re Cyberco Holdings, Inc.)*, 734 F.3d 432, 439 (6th Cir. 2013); *Creditors Servs. Corp. v. Cooley (In re Creditors Servs. Corp.)*, 182 F.3d 916, at *2 (6th Cir.1999) (Table); *First Nat'l Bank of Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 974 F.2d 712, 720–21 (6th Cir.1992).

Substantive consolidation is an extreme remedy that is used only where there are no other adequate remedies, "particularly where the entity sought to be consolidated is not itself already a debtor in bankruptcy." *American Camshaft*, 410 B.R. at 787. Substantive consolidation of the Prospective Defendants requires proof that: "(1) prepetition they disregarded separateness so significantly their creditors relied on the breakdown of entity borders and treated them as one legal entity; and (2) postpetition their assets and liabilities are so scrambled that separating them is prohibitive and hurts all creditors." *See In re Owens Corning*, 419 F.3d 195, 205 (3d Cir. 2005).[2] The Trustee's Amended Complaint falls short.

---

[2] There are various tests for determining whether parties should be substantively consolidated, all of which share similarities. But the *Owens Corning* test allows for a balancing of the different factors in a more open-ended

The court in *American Camshaft* addressed a motion to dismiss a chapter 7 trustee's complaint to substantively consolidate a debtor with a non-debtor entity.  The court adopted the *Owens Corning* analysis and ultimately concluded the Trustee had failed to state a claim upon which relief may be granted.  In particular, the court noted that the chapter 7 trustee failed to address certain actions that suggest the entities are the same: (1) the failure to keep separate bank accounts or payable ledgers; (2) dissemination of financial information in a manner that would mislead creditors regarding the true obligor; (3) the perception of creditors as to the unity of the entities; (4) transactions between the entities and the creditors; (5) the difficulty determining the assets and liabilities of each entity; and (6) the affect on administration of the bankruptcy estate. *American Camshaft*, 410 B.R. at 789-792.

The Trustee's Amended Complaint lacks similar information and what is alleged cannot support such an extreme remedy as substantive consolidation in this context.  The Trustee alleges the Debtor's used Meadow Lake vehicles for personal use.  The Trustee also makes allegations regarding financial issues, including the lack of consideration for the 2007 transfer of the property to Meadow Lake, the Debtors' use of Meadow Lake's revolving credit line, and the Debtors' payment of Meadow Lake's debt with their personal income tax return.  Amended Complaint at ¶¶ 14-15.  Like *American Camshaft*, it is possible to infer from these allegations that the Debtors and Meadow Lake may have, at times, acted as a single entity.

But there are no facts that suggest the creditors of the Debtors and Meadow Lake treated them as one.  *American Camshaft*, 410 B.R. at 789-90.  The Trustee makes no allegations about how the Debtors and Meadow Lake disseminated information to creditors or how the creditors

---

inquiry. *American Camshaft*, 410 B.R. at 787.  Further, *Owens Corning* was most recently cited by the Sixth Circuit in *Cyberco Holdings, supra*, without criticism.  734 F.3d at 438.  Thus, the Court will use this test to examine the Trustee's claim for substantive consolidation in this decision.

6

interacted with the Debtors and Meadow Lake. At most, the Trustee alleges that the Debtors had creditors and "upon information and belief, Meadow Lake also had actual creditors." Amended Complaint at ¶ 30.

The Trustee also points to the Debtors' petition, which lists Meadow Lake as a name used by the Debtors, and Schedule F, which lists debts of Meadow Lake, in support of its unity argument. *Id.* at ¶¶ 15-16. These irregularities are insufficient to draw an inference that the Prospective Defendants' assets and liabilities are so hopelessly scrambled that separation is impossible. At most, the petition and schedules show the Debtors confused their assets and liabilities with those of Meadow Lake. This does not require a conclusion that the Trustee cannot clarify this confusion after carefully examining the Debtors' records.

The Amended Complaint contains no facts regarding how the Debtors and Meadow Lake handled their financial statements or bank accounts. Specific factual allegations about the Prospective Defendants' financial statements and bank accounts may have supported an inference that the assets and liabilities are hopelessly scrambled. Further, facts about how the Debtors and Meadow Lake disseminated this information to creditors, or facts regarding their specific interactions with creditors, could have led to reasonable inferences that creditors have suffered, and will suffer, harm without substantive consolidation.

The lack of this sort of information is more glaring considering the Trustee had two years before the Complaint was filed to review financial statements, bank account details and other proof addressing the Debtors' and Meadow Lake's interaction with creditors. This is the Trustee's second chance to state a claim for relief. A conclusory allegation that the "assets and liabilities are so scrambled that separating them is prohibitive and hurts all creditors" is not enough to conclude the Trustee has pled a *prima facie* claim for such an extreme remedy.

**2. The Court Will Not Use Its Equitable Power to Consolidate a Non-Debtor with the Debtors Based on These Facts.**

Even if the Trustee's allegations could support a claim for substantive consolidation, she asks too much to consolidate a debtor and non-debtor in this context. Traditional substantive consolidation generally involves the merger of two debtors, but some courts have allowed substantive consolidation of a debtor with a non-debtor. *See White v. Creditors Service Corp. (In re Creditors Service Corp.*), 195 B.R. 680, 689 n.4 (Bankr. S.D. Ohio 1996). In this situation, however, the due process considerations and the rights of non-parties weigh against the substantive consolidation proposed by the Trustee.

Substantive consolidation raises "serious due process considerations for parties that continue to transact business with a non-debtor entity where such creditors are not parties to any action brought to substantively consolidate such non-debtor with a debtor entity." *American Camshaft*, 410 B.R. at 786. The Trustee avers by "information and belief" that Meadow Lake has creditors, but those creditors are not named or linked to the Debtors. Amended Complaint at ¶ 30. Any creditors of Meadow Lake are directly affected by substantive consolidation with the Debtors, yet they would not have an opportunity to participate in the decision.

Substantive consolidation in this context also circumvents provisions of the Bankruptcy Code dealing with involuntary bankruptcy cases. Substantively consolidating Meadow Lake with the Debtors effectively forces the non-debtor into an involuntary bankruptcy proceeding without an opportunity for its creditors to participate. *In re Colfor, Inc. and Colmach, Inc.*, Case No. 96-60306 and 96-60307, 1997 Bankr. LEXIS 153, *9-10 (Bankr. N.D. Ohio Sept. 4, 1997). The Bankruptcy Code already provides a mechanism for filing an involuntary petition that protects the rights of the proposed debtor and its creditors. 11 U.S.C. § 303. A bankruptcy court

should not use its equitable powers to circumvent the Bankruptcy Code's requirements. *Consider Law v. Siegel*, 134 S.Ct. 1188, 1194 (2014) (recognizing limits on a bankruptcy court's inherent equitable powers).

### 3. No Authority was Found that Allows Substantive Consolidation *Nunc Pro Tunc* to a Date prior to the Filing of the Petition.

Authority exists to substantively consolidate parties *nunc pro tunc* to the date of the filing of the earliest petition. *See, e.g*, *Baker & Getty Financial Servs. Inc*., 974 F.2d at 720, 721 (6th Cir. 1992). But the due process concerns are "further exacerbated by the inevitable need to determine whether substantive consolidation, if warranted at all, is to be made on a *nunc pro tunc* basis, further exposing parties presently doing business with a non-debtor entity to shifting and incalculable risks at the time they do business with such entity." *American Camshaft*, 410 B.R. at 786. No Sixth Circuit or other authority was found allowing substantive consolidation *nunc pro tunc* to a prepetition date and such action is too extreme in this circumstance without clear guidance.

### 4. Without Substantive Consolidation to Support the Trustee's Claims, the Trustee's Amended Complaint Fails to State a Claim against the Defendant pursuant to § 544, § 548, § 550 and § 502(d).

The Trustee's causes of action in the Complaint and Amended Complaint against the Defendant are dependent on the Trustee proving the need to substantively consolidate the Debtors and Meadow Lake. The Trustee must prove the Debtors transferred the Farm to the Defendant to prevail on her fraudulent conveyance claims. *See* Memorandum Opinion at 3-4. Further, her claim seeking disallowance of the Defendant's proof of claim is dependent on her ability to recover any allegedly fraudulent conveyance from the Defendant. *See* 11 U.S.C. §502(d). But the Trustee cannot make these connections under either a theory of reverse veil

9

piercing or substantive consolidation. Thus, the Trustee has failed to allege a plausible claim for relief in her Complaint or Amended Complaint against the Defendant pursuant to § 544, § 548, § 550 and § 502(d), so amendment to these counts against the Defendant is futile.

### D. Leave to Amend Is Not Granted Solely to Add a New Cause of Action Against a New Party.

The Amended Complaint includes two new claims against Meadow Lake, independent of the count seeking substantive consolidation of the Debtors and Meadow Lake. The Trustee seeks to avoid the Debtors' payment of $760,000.00 to the mortgage holder of the Farm on Meadow Lake's behalf as a fraudulent transfer between the Debtors and Meadow Lake pursuant to § 544 and K.R.S. § 378.020 and recover the value of that transfer from Meadow Lake under § 550. Amended Complaint at ¶¶ 53-58. The Trustee also seeks to disallow any claim of Meadow Lake as a result. *Id. at* ¶ 61.

These claims might have validity in a new action, but standing alone do not justify amendment of the Complaint. Meadow Lake was not a party to the initial action and the transaction underlying the new causes of action was mentioned but not addressed as an actionable event in the original Complaint. Further, the remaining causes of action against Meadow Lake do not involve the Defendant in the original Complaint, who is dismissed from the proceeding based on this opinion. This decision does not affect the ability of the Trustee to bring these claims in a separate case, but the Trustee is not allowed go forward with these claims in this proceeding.

### III. CONCLUSION

Substantive consolidation is an extreme equitable remedy. As such, it should be allowed sparingly. The Trustee's attempt to use substantive consolidation to recover an allegedly

fraudulent transfer from the Defendant is futile where the Trustee fails to state a plausible claim for relief after 2 years of investigation. This is especially true where the Court will not use its equitable power to compromise the due process rights of a non-debtor's creditors and extend *nunc pro tunc* relief prepetition.

For the reasons stated herein, it is ORDERED the Trustee's Motion for Leave to File Amended Complaint [Doc. 22] is DENIED and the Defendant's Motion for Judgment on the Pleadings [Doc. 9] is GRANTED.

It is further ORDERED the Trustee's Complaint against the Defendant Beads and Steeds, Inc., is DISMISSED WITH PREJUDICE.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Thursday, October 02, 2014**
(grs)